COURTESY COPY

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
| Emilio G. Gonzalez (SBN 197382) <br> Davis Wright Tremaine LLP <br> 865 S. Figueroa St., Ste. 2400 <br> Los Angeles, CA 90017 | |
| TELEPHONE NO.: (213) 633-6800    FAX NO.: (213) 633-6899 | |
| ATTORNEY FOR (Name): Bank of America N.A.; Banc of America Invs. Srv Inc | |
| NAME OF COURT: United States District Court, Central District of California | |
| STREET ADDRESS: 312 North Spring Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles, CA 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse | |

PLAINTIFF: BANK OF AMERICA, N.A. and BANC OF AMERICA INVESTMENT SERVICES, INC.
DEFENDANT: HANSEL LEE

| TEMPORARY PROTECTIVE ORDER | CASE NUMBER: CV08-6543 GW (SHx) |
|---|---|

1. The court has considered the application of plaintiff for
   a. [ ] a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order.
   b. [X] an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

**FINDINGS**

2. THE COURT FINDS
   a. Defendant is a [X] natural person   [ ] partnership   [ ] unincorporated association   [ ] corporation
      [ ] other (specify):
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 733,951
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based.
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) [X] There is a danger that the property sought to be attached would be
          (a) [X] concealed.
          (b) [X] substantially impaired in value.
          (c) [ ] made unavailable to levy by other than concealment or substantial impairment in value.
      (2) [ ] Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) [ ] A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) [ ] An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) [X] Other circumstances: Defendant has bounced a check issued by him to repay plaintiff Banc of America Investment Services, Inc.

   g. [ ] The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $ 10,000    before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is:   See Attachment A.

CV-4M (12/03) <br> (AT-140 [Rev. January 1, 2000])

**TEMPORARY PROTECTIVE ORDER** <br> (Attachment)

Code of Civil Procedure, <br> §§ 482.030, 486.010 et seq. <br> Page one <br> CCD-CV4M

2. j. ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

k. ☐ Other *(specify)*:

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings.
   b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

   c. ☐ Other *(specify)*:

   d. This order shall expire at the earliest of the following times:
      (1) when plaintiff levies upon specific property described in this order,
      ~~(2) after *(date)*:~~                                          , or
      (3) 40 days after the issuance of this order.

4. Number of pages attached: 1

Date: October 17, 2008

Jeffrey W. Johnson
(TYPE OR PRINT NAME)

▶ [signature] (SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking.
a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.
b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).
c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

---

[SEAL]

**CLERK'S CERTIFICATE**
I certify that the foregoing is a correct copy of the original on file in my office.
Date:

Clerk, by [signature] STEPHANIE M. LEE                    , Deputy

## **EXHIBIT A: Property Subject to Attachment**

Pursuant to Section 487.010 of the Code of Civil Procedure, the following Property of Defendant Lee is subject to attachment:

(1) Money in any Wells Fargo bank account in the name of Hansel Lee, including but not limited to the following accounts: (1) 8786504152 and (2) 8836347891.

(2) Any money in Hansel Lee's possession or control, including but not limited to money held in trust by Lee's agents or attorneys, not contained in the Wells Fargo bank accounts described above.

(3) Residential property at 7775 VIA ROSA MARIA, BURBANK CA 91504-1444, **Assessor Parcel Number 2401-046-088**.

(4) Any residential property in Hansel Lee's possession or control not described above.

(5) Accounts receivable, chattel paper, and general intangibles arising out of the conduct by Lee of a trade, business, or profession, except any such individual claim with a principal balance of less than one hundred fifty dollars ($150).

(6) Money on the premises where a trade, business, or profession is conducted by Lee and, except for the first one thousand dollars ($1,000).

(7) Negotiable documents of title.

(8) Instruments.

(9) Securities.